UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

             Plaintiff,

      v.

ANTONIO GALLARDO,

             Defendant.

No. CR-02-2056-FVS

ORDER

    **THIS MATTER** is before the Court on Mr. Gallardo's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, Ct. Rec. 57, and his amended motion, Ct. Rec. 64.  Mr. Gallardo is acting *pro se* in this matter.  The United States is represented by Assistant United States Attorney Jane Kirk.  The Court has reviewed the entire file, including the pleadings submitted by both parties, and is now prepared to rule.

    **BACKGROUND**

    On February 28, 2003, during the defendant's sentencing hearing, the Court heard arguments on the defendant's Motion to Withdraw Guilty Plea, Ct. Rec. 33.  The basis for the defendant's motion was that he was not provided with necessary information prior to the entry of his guilty plea.  The Court denied the defendant's motion, finding that the United States is not required to disclose impeachment evidence to a defendant prior to entry of a guilty plea. Ct. Rec. 52 at 3-4.  The Court sentenced the defendant based on his

ORDER - 1

plea of guilty to the offense of Distribution of a Controlled
Substance in violation of 21 U.S.C. § 841(a)(1).  The defendant's
base offense level, based on the quantity of controlled substance
involved, was 32.  The Court determined that reduction of the base
offense level based on timely acceptance of responsibility and timely
entrance of a guilty plea was not warranted in the defendant's case.
The defendant had an adjusted base offense level of 32.  He fell into
Criminal History category I, which gave him a guideline range of 121-
151 months imprisonment.  The Court sentenced the defendant to 136
months imprisonment.  The defendant appealed his sentence and the
Court's Order Denying Motion to Withdraw Plea.  Ct. Rec. 44.  The
Ninth Circuit affirmed the decision of this Court on both issues, Ct.
Rec. 55.  The defendant now moves to vacate his sentence pursuant to
28 U.S.C. § 2255.

**DISCUSSION**

**A. Grounds for Relief**

The defendant asserts seven claims in his § 2255 petition and
amended petition: (1) denial of his right to plead not guilty in
violation of his due process rights as provided by the Fifth and
Fourteenth Amendments; (2) failure to disclose evidence that might
have changed the defendant's decision about pleading guilty in
violation of his due process rights; (3) violation of his Sixth
Amendment right to trial, right to confront witnesses, and right to
obtain witnesses in his favor; (4) ineffective assistance of counsel;
and (5) failure by the Court to ensure that the defendant understood
the effect of pleading guilty.  Claims one and two deal with alleged

ORDER - 2

violation of the defendant's due process rights and will be addressed together.

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or law of the United States, (2) the court was without jurisdiction to impose such sentence, or (3) the sentence was in excess of the maximum authorized by law.

**B.  Deprivation of Due Process Rights**

The defendant alleges he was not given the proper opportunity to decide whether or not to plead guilty, in violation of the Fifth and Fourteenth Amendments of the United States Constitution. Specifically, the defendant argues that (1) he made an "intelligent" decision to plead not guilty after learning he could receive a similar sentence if he exercised his right to be found guilty by a fact finder and a determination of evidence and witness testimony, and (2) he was not provided with the materials necessary to make a decision as to whether he should plead guilty or proceed to trial. Ct. Rec. 64 at 1, 4.

*1. Withdrawal of Plea after Learning of Possible Sentence*

Here, the defendant argues he had the right to withdraw his guilty plea and he made the "intelligent" decision to plead not guilty after learning the sentence he might receive after a trial would be substantially the same as if he pled guilty.

After accepting a plea, but before sentencing, a district court "may permit the plea to be withdrawn if the defendant shows any fair

ORDER - 3

and just reason." Fed.R.Crim.P. 32(e).  It is well established that a defendant has no right to withdraw his guilty plea, and that a withdrawal motion is committed to the sound discretion of the district court." *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988).  As the text of Rule 32(e) indicates, it is the defendant who bears the burden of establishing a "fair and just reason." *United States v. Castello*, 724 F.2d 813, 814 (9th Cir. 1984).  That standard is, however, applied liberally.  *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).  "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea."  *Id.*

The defendant's Motion to Withdraw Guilty Plea was based on the fact that he did not receive information about potential witnesses or a confidential informant prior to entering a plea of guilty.  It was not until this Motion to Vacate, Set Aside or Correct Sentence that the defendant raised the argument that his sentence would have been substantially the same if he had proceeded to trial rather than pleading guilty.  The defendant has filed no post-sentence motion to withdraw his guilty plea based on potential sentence and the fact that the defendant might have received a similar sentence if he proceeded to trial rather than pleading guilty does not now form the basis for withdrawal of his guilty plea.  The fact that the defendant was not able to withdraw his guilty plea and proceed to trial did not result in a violation of his due process rights.  This argument does

ORDER - 4

not form the basis for § 2255 relief.

*2. Withholding of Necessary Information*

The defendant argues his rights under the Fifth and Fourteenth Amendments of the United States Constitution were violated because the United States Attorney and/or his counsel failed to disclose discovery materials necessary for the defendant to make a decision as to whether to plead guilty or proceed to trial.

The defendant has provided the Court with no information as to the type of information and/or discovery materials he is referring to.  The defendant seems to be suggesting that the government should have turned over any information it had to him prior to his entry of a guilty plea.  The Supreme Court, overruling previous Ninth Circuit precedent, has held that the government is not required to disclose impeachment information prior to the entry of a guilty plea.  *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 2455, 153 L.Ed.2d 586 (2002) (finding that impeachment information relates to the fairness of a trial not whether or not a plea is made voluntarily).

The defendant has given no indication of any other information that should have been provided to him prior to his decision to plead guilty rather than proceed to trial.  The defendant's argument that his due process rights were violated as a result of the government's and/or his counsel's failure to make information know to him is without basis and should be rejected.  This argument does not form the basis for relief under § 2255.

**C.  Sixth Amendment Violations**

The Sixth Amendment of the United States Constitution provides

ORDER - 5

that:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witness in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI.

A defendant who pleads guilty waives his constitutional guarantee of a fair trial, as well as other rights. *Ruiz*, 536 U.S. at 628-29, 122 S.Ct. at 2455 (citation omitted). Specifically, a defendant who enters a plea of guilty waives "his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accuser." *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969)). Given that a defendant waives rights guaranteed by the Constitution when he pleads guilty, the Constitution requires that a guilty plea be made voluntarily and that waiver of Constitutional rights be made knowingly, intelligently, and with awareness of the circumstances and consequence of such a plea and waiver. *Ruiz*, 536 U.S. at 629, 122 S.Ct at 2455 (citing *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct 1463, 1469, 25 L.Ed.2d 747 (1970)).

A guilty plea is valid if it is "voluntary and intelligent." *United States v. Hernandez*, 203 F.3d 614, 618 (9th Cir. 2000). "A plea is 'involuntary' if it is the product of threats, improper promises, or other forms of wrongful coercion." *Id.* at 619 (citing *Brady v. United States*, 397 U.S. at 754-55, 90 S.Ct. at 1472). A

ORDER - 6

plea is "'unintelligent' if the defendant is without the information necessary to assess intelligently 'the advantages and disadvantages of a trial as compared with those attending a plea of guilty.'" *Id.* (quoting *Brady*, 397 U.S. at 754, 90 S.Ct. at 1472).

During the defendant's change of plea hearing, before the Honorable Robert H. Whaley, the defendant was asked if anyone had threatened to harm him or someone in his family to force him to plead guilty to any crime, and to this question he answered no. Ct. Rec. 51 at 11. The defendant also answered in the negative when asked about whether there were any other promises or understandings between the defendant and the United States. Id. The defendant's counsel also indicated to the Court that the defendant's plea was made voluntarily. Ct. Rec. 51 at 14. These statements, taken together, indicate that the defendant's plea was made voluntarily.

During the defendant's change of plea hearing he was also asked a number of questions which go to the issue of whether the plea was being made with an understanding of its implications. When questioned by the Court, the defendant answered he understood that pleading guilty to the crime charged meant a forfeiture of the following rights: the right to a trial by jury; the right to see, hear and question witnesses at trial; the right to have an attorney represent him before, during and after trial; the right to remain silent and not be required to testify; the right to subpoena witnesses to come and testify; and the right to have an attorney represent him on appeal. Ct. Rec. 51 at 8-10. The defendant has presented no evidence contrary to that contained in the Court's

records.  The defendant's plea and waiver of his Sixth Amendment rights to trial, to confront witnesses, and to obtain witnesses in his favor were made voluntarily and intelligently.  The defendant's request for § 2255 relief is denied on this basis.

### D.  Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984)) (internal quotation marks omitted).  To satisfy the first prong, counsel's performance must have been "outside the wide range of professionally competent assistance." *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066) (internal quotation marks omitted).  Under the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068) (internal quotation marks omitted).

The defendant raises three arguments that form the basis for his claim that his counsel's performance was deficient.  First, the defendant argues his counsel should have requested the Court provide a statement of reasons for imposing the sentence that it did.  Second, the defendant aruges his counsel should have advised him he

would only be able to withdraw his guilty plea if he could show a just and fair reason.  Finally, the defendant argues he was prejudiced in the sentence he received because his counsel was not present during his interview with the probation officer prior to sentencing.

> *1. Failure to Request Statement of Reasons for Sentence*

As the first basis for an ineffective assistance of counsel claim, the defendant argues his counsel was ineffective by failing to request, at the time of sentencing, that the Court give a statement of reasons for the imposition of the defendant's sentence.  Under 18 U.S.C. § 3553(c), "the sentencing court, at the time of sentencing, must state in open court the reasons for its imposition of the particular sentence and, if the sentence range exceeds 24 months, the reason for imposing a sentence at a particular range." *United States v. Delgado*, 357 F.3d 1061, 1071 (9th Cir. 2004) (citing 18 U.S.C. § 3553(c) (2003)).  In setting forth a statement of reasons, "the court must discuss the factors on which the particular sentence is based, including 'individual considerations of background, character, and conduct, as well as the systemic goals of deterrence, rehabilitation, and consistency in sentencing." *Id.* (quoting *United States v. Wilson*, 7 F.3d 828, 839 (9th Cir. 1993) (quoting *United States v. Upshaw*, 918 F.2d 789, 792 (9th Cir. 1990)) (internal quotation marks omitted).

Based on the defendant's adjusted offense level and criminal history, he was subject to a term of imprisonment between 121 and 151 months.  The range of possible sentences was, therefore, 30 months.  Thus, the Court was required to give a statement of reasons for

ORDER - 9

imposing a sentence somewhere within the range.

The Court sentenced the defendant to a term of 136 months based on his failure to provide accurate information about his role in the crime charged.  During the defendant's sentencing, the Court determined the defendant chose "to minimize, ignore, and blame the confidential informant and [chose] not to accept responsibility for [his] conduct."  Ct. Rec. 52 at 8.  The defendant's "failure to provide candid and honest responses", id. at 8, to the United States Probation Officer merited consideration for "a greater sentence within the guideline range...", U.S.S.G. § 3C1.1 cmt. n. 5.  The Court concluded that because the defendant "chose not to provide ... accurate information as a basis for determining where in the [guideline] range [his] sentence in fact should be", Ct. Rec. 52 at 9, the Court was left to make the decisions without any help from the defendant.

The Court set forth sufficient reasons for its imposition of a sentence within the applicable guideline range.  The defendant's § 2255 motion is denied on this basis.

*2. Failure to Explain Proper Basis for Plea Withdrawal*

The defendant argues he was denied effective assistance of counsel, because his counsel failed to explain what could form the proper basis for withdrawal of his plea of guilty.  Specifically, the defendant argues that his counsel should have been aware of the Supreme Court's ruling in *United States v. Ruiz,* 536 U.S. 622, and Ninth Circuit law, which states that a plea can only be withdrawn by a showing of a just and fair reason.

ORDER - 10

As the Court has previously discussed, a determination as to whether or not a defendant may withdraw a plea of guilty is within the discretion of the Court. Such a withdrawal is warranted if certain circumstances exist, such as reasons that were not previously known at the time a defendant entered his plea.

Here, the defendant is unable to establish that he was prejudiced by the allegedly ill-informed advice he received from his attorney. The defendant filed a motion to withdraw his guilty plea, which the Court denied. Had the defendant decided to not file such a motion, his sentence would not have been altered or different. It was the Court that ultimately determined the defendant's motion did not establish a fair and just reason for withdrawal, whether or not the defendant's attorney informed him of the standard. No prejudiced resulted to the defendant because he went forward on his motion. This argument does not form the basis for § 2255 relief and the defendant's motion is denied on this basis.

### 3. Presence of Counsel at Meeting with Probation

As the final basis for an ineffective assistance of counsel claim, the defendant argues his counsel should have been present at the meeting the defendant had with the U.S. Probation Officer. The defendant alleges that the meeting with probation and the subsequent memo resulted in an increased sentence, thus implicating his right to counsel.

The defendant's ineffective assistance of counsel argument is based on a violation of his Sixth Amendment right to counsel. In order for such a claim to be successful, the failure of counsel to be

present must have occurred during a "critical stage" in the adversarial proceedings. *United States v. Benlian*, 63 F.3d 824, 827 (9th Cir. 1995) (stating that the Sixth Amendment right to counsel is only guaranteed during critical stages); *see also Kirby v. Illinois*, 406 U.S. 682, 690, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). A "critical stage" is "a trial-like confrontation, in which potential substantial prejudice to the defendant's rights inheres and in which counsel may avoid that prejudice." *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003) (finding that critical stages include post-indictment police lineups, arraignments, and sentencing) (internal citations and quotation marks omitted).

The Ninth Circuit has held that a presentence interview with a probation officer does not constitute a critical stage of the adversarial proceedings. *Baumann v. United States*, 692 F.2d 565, 577-78 (9th Cir. 1982). The Ninth Circuit has found, however, that a defendant is denied effective assistance of counsel when a probation officer refuses to allow a defendant's attorney to be present during an interview. *United States v. Herrera-Figueroa*, 918 F.2d 1430, 1433 (9th Cir. 1991) (as amended) (finding that the "probation officer's refusal to honor [the defendant's] request to be accompanied by counsel at the presentence interview resulted in an infringement of [the defendant's due process rights]").

The defendant alleges he "asked the probation officer in Spanish why [his] attorney was not present before [he] was interviewed and the probation officer replied that it was not necessary because [his] attorney would be receiving a copy of the presentence report and

ORDER - 12

could file objections." Ct. Rec. 67 at 2-3.  Unlike *Herrera-Figueroa*, there is no indication in the record that the U.S. Probation Officer refused the defendant's specific request to have his attorney present during the interview in question.

The defendant further contends that the his attorney knew he did not speak English and should have been present during the interview or at least discussed the presentence report with him to ensure that there were not any errors.  The record does not support such contentions.  At the time of the defendant's sentencing, the Court inquired as to whether the defendant had been given the opportunity read the presentence report and addendum or had them read to him in Spanish.  Ct. Rec. 52 at 10.  The defendant indicated that this was done.  Id.  The Court further inquired as to whether the defendant had been given the opportunity to discuss the presentence report and addendum with his attorney prior to sentencing.  Id.  He indicated that he had discussed them with his attorney.

There is nothing in the record to indicate the probation officer interviewing the defendant refused a request by the defendant to have his attorney present during their interview.  A defendant does not have a constitutionally guaranteed right to have counsel present during such an interview, unless the defendant specifically requests as such.  That did not happen here.  The defendant was given the opportunity to review the presentence report, had it read to him in Spanish, and discussed it with his attorney.  The defendant's attorney did not engage in conduct, on this basis, that would constitute ineffective assistance of counsel.  The defendant's

§ 2255 motion is denied on this basis.

### E.   Understanding of Effect of Guilty Plea

The Court previously addressed the issue of whether the defendant made a knowing and voluntary plea of guilty when addressing alleged violations of the defendant's Sixth Amendment rights.  During the defendant's change of plea hearing, Judge Whaley spent time reviewing the consequences/effect of a plea of guilty and the defendant acknowledged that he understood that he would be relinquishing certain rights, including the right to trial, the right to confront witnesses, and the right to call witnesses on his own behalf.  The Court determined that the defendant made his plea knowingly and voluntarily.  The defendant's argument that the Court failed to ensure that he understood what he was pleading to and the effect of such a plea should be rejected.  This argument does not form the basis for § 2255 relief.

**IT IS HEREBY ORDERED** that the defendant's Motions to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, **Ct. Recs. 57 and 64,** are **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to **counsel and the defendant.**

**DATED** this <u>10th</u> day of January, 2006.

s/ Fred Van Sickle
<br>
Fred Van Sickle
<br>
United States District Judge

ORDER - 14